UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.   CRIMINAL NO. 3:18-CR-52-DPJ-LGI

BRANDON DESHANTA MILLER, ET AL.

ORDER

The Court conducted a pretrial conference in this matter on June 1, 2021. All parties and counsel were present. For the reasons also stated on the record, the Court makes the following rulings.

I.   Government's Motion to Strike [267]

The Government moved to strike Defendant Jamie Anival Hernandez's expert witness Dr. John Matthew Fabian. The motion is granted in part and otherwise taken under advisement. The Government objected to testimony regarding Hernandez's mental capacity, and such testimony would be inadmissible in this matter for the reasons stated in *United States v. Herbst*, 460 F. App'x 387, 394–95 (5th Cir. 2012).

That said, defense counsel narrowed the scope of the proffered testimony during the pretrial conference. As argued during that proceeding, the Government has misidentified Hernandez as an individual heard on numerous recorded conversations. Hernandez says he is mentally incapable of using the recorded words or engaging in those conversations. He therefore offers Dr. Fabian's testimony to support that theory.

Such opinions are more likely to be admissible—with a limiting instruction. *See United States v. Staggs*, 553 F.2d 1073, 1076 (7th Cir. 1977). But the Government argues that Dr.

1

Fabian should not be allowed to offer them unless and until Hernandez testifies. Both parties encouraged the Court to take that issue under advisement, and it will.

II.	Defendant Hernandez's Motion to Allow Video Testimony [280]

Hernandez asks the Court to allow Dr. Fabian—an Austin, Texas, resident—to testify by video. The Government argues that Federal Rule of Civil Procedure 43(a) provides context for this decision. That rule states:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43. The Advisory Committee Notes for the 1996 amendments to this rule clarify, that mere inconvenience to the witness is not enough. *Id.* at Advisory Committee's note to 1996 amendment.

Assuming this rule applies, the Court finds good cause and compelling circumstances. To begin, this case was charged in 2018 and originally included seven defendants. Due to the scope of the Government's case and the number of parties, it was repeatedly continued upon the parties' motions. Unfortunately, it was not tried before the Coronavirus pandemic and was then continued another fourteen months for that additional reason. In a word, this case is old.

Requiring Dr. Fabian to testify live would likely cause further delay. Dr. Fabian resides in Austin, Texas; Defendant Hernandez also resides in Texas. While it appears that Dr. Fabian is primarily a forensic psychologist, his CV indicates that he is also a clinical psychologist. *See* CV [284-3] at 1. Regardless of any disruption to potential patients, there is no dispute Dr. Fabian has a full schedule.

Presently, there is no way to predict whether Dr. Fabian will testify and if so when. This is different from a Government witness who can be scheduled during its case and chief and plan accordingly. And it is infeasible to require Dr. Fabian to sit in stand-by mode for days or a week to find out whether he will be allowed to testify. It would also be a poor use of CJA funds. But if he did not travel to Mississippi in advance, Dr. Fabian would need time to arrange travel from Texas once cleared to testify, which could require a continuance near the end of the trial. This case is already expected to be lengthy, due in part to continued COVID-19 restrictions. Waiting for Dr. Fabian to travel if cleared to testify—assuming no conflict with other courts—would unduly burden the jurors, the Court, and the parties. This is not merely a matter of Dr. Fabian's convenience. So, while the Court would normally deny this motion, under the present circumstances, good cause exists to allow him to testify by video if cleared to do so.

III.     Defendant Hernandez's Emergency Motion to Compel Discovery [286]

For the reasons stated from the bench, this motion was granted in part and denied in part. Generally, the motion is denied to the extent it seeks discovery the Government is already required to produce on June 2, 2021. But the Court did review one record in camera and instructed the Government to produce it today.

**SO ORDERED AND ADJUDGED** this the 1st day of June, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE